Sean 7/15

| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
|---|---|---|
| | )SS: | |
| COUNTY OF LAKE | ) | SITTING AT _____, INDIANA |

| ENRIQUE HERRERA, JR., | ) | |
| --- | --- | --- |
| | ) | 45D01-1006CT=0105 |
| Plaintiff, | ) | |
| | ) | **Filed in Clerk's Office** |
| v. | ) | CAUSE NO. |
| | ) | MAY 28 2010 |
| MARINOWARE INDUSTRIES, | ) | |
| Defendants. | ) | |

CLERK LAKE CIRCUIT COURT

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff, Enrique Herrera, Jr., by counsel Jewell Harris, Jr. of HARRIS LAW FIRM, P.C., and for his Complaint for Damages against Defendant, MarinoWare Industries, states and alleges as follows:

1. Defendant, MarinoWare Industries is, and at all times herein mentioned, a company located at 4245 Railroad Avenue, East Chicago, (Lake County) Indiana.

2. Plaintiff, Enrique Herrera, Jr. is, and at all times herein mentioned, a resident of Lake County, specifically 7009 Birch Avenue, Hammond, Indiana.

3. Defendant, MarinoWare Industries is, and at all times herein mentioned, a company duly licensed to conduct business in the State of Indiana.

4. At all times mentioned herein, Plaintiff was employed by Defendant as a forklift operator.

5. During the course of his employment with Defendant, Plaintiff routinely moved multi-ton steel coils with a fork lift.

6. Despite the fact that the Plaintiff's primary duty was to operate a fork lift moving multi-ton steel coils, the Defendant failed to properly train the Plaintiff for the job of fork lift operator and

further failed to train the Plaintiff and his co-workers on critical job safety practices.

7. During the scope of his employment, including May 28, 2008, the Plaintiff was required to utilize an unsafe fork lift which was of the type that is inconsistent with its end use of moving multi-ton steel coils.

8. On May 28, 2008, the Plaintiff suffered serious physical injuries to his back, pelvis and lower extremities when he was struck by a steel coil that fell from the unsafe fork lift described in paragraph 7 herein.

9. The Defendant was fully aware that the forklift described herein was not the correct type of fork lift for the Plaintiff to use to move multi-ton steel coils and, by requiring him to use said fork lift, deliberately intended to inflict injury and/or knew that injury was certain to occur. This deliberate act on the part of the Defendant vests jurisdiction in this Court as a matter of law and takes this cause of action beyond the scope of the Indiana Workers Compensation Act.

10. The Defendant's failure to provide specific job and safety training further evidences that the Defendant knew, or should have known, that the Plaintiff would be severely injured by being forced to use the unsafe forklift.

11. As a further proximate result of the intentional tortious acts of the Defendant, Plaintiff was required to and did employ physicians and surgeons for medical examination, surgery, treatment, and care of these injuries and did incur medical and incidental expenses. As a further proximate result of the intentional tortious acts of the Defendant, Plaintiff has incurred other expenses and will incur further medical and incidental expenses for the care and treatment of these injuries, the exact amount of which is unknown at the present time.

12. Immediately prior to and at the time of his injury, Plaintiff was in good was in good health and without any physical or mental debilitations.

13. As a direct and proximate result of the Defendant's breach of the duty of care owed to the Plaintiff, Plaintiff was induced to and did use the fork lift from which a multi-ton steel coil fell onto the Plaintiff resulting in compensable injury proximately caused by the Defendants' breach of duty and intentional infliction of injuries to Plaintiff.

14. As a direct and proximate result of one or more of the aforesaid acts or omissions of Defendants, the Plaintiff suffered serious and permanent injuries, including past and future physical pain and mental suffering, disability, past and future medical expense, wage loss and lost earnings capacity all to her damage in an amount yet to be determined.

15. As a direct and proximate result of one or more of the aforesaid acts or omissions of Defendant, the Plaintiff suffered damages including fright, terror, all to his damage in an amount yet to be determined.

**WHERE FORE**, Plaintiff, Enrique Herrera Jr., respectfully requests the entry of judgment in his favor and against Defendant, MarinoWare Industries, for compensatory and punitive damages in an amount to be determined herein, for the costs of this action and for any and all other just and proper relief in the premises.

Respectfully submitted,

**HARRIS LAW FIRM , P.C.**
Attorney for Plaintiff

Jewell Harris, Jr. (Ind. Atty. #22383-45)
11051 Broadway, Suite C2
Crown Point, IN 46307
(219) 661-1110

## JURY DEMAND

Plaintiffs demand trial by jury on Plaintiffs' Complaint.

Respectfully submitted,

**HARRIS LAW FIRM , P.C.**
Attorney for Plaintiff

Jewell Harris, Jr. (Ind. Atty. #22383-45)
11051 Broadway, Suite C2
Crown Point, IN 46307
(219) 661-1110

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2010, a true and correct copy of the aforementioned Complaint was served upon the Defendant named herein by First Class U.S. Mail Return at:

**MarinoWare Industries**
**4245 Railroad Avenue**
**East Chicago, IN 46312**

Jewell Harris, Jr. (Ind. Atty. #22383-45)